FILED IN OPEN COURT

1-11-2024

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

BRENT BROWN

Case No. 3:22-cr-1-BJD-JBT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, through the undersigned Assistant United States Attorney, and the defendant, BRENT BROWN, and the attorney for the defendant, Henry M. Coxe, III, mutually agree as follows:

### A.    Particularized Terms

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count Thirteen of the Indictment. Count Thirteen charges the defendant with willfully failing to pay over to the Internal Revenue Service payroll taxes on employees' wages, in violation of 26 U.S.C. § 7202.

2.    Maximum Penalties

Count Thirteen is punishable by a term of imprisonment of not more than five years, a fine of not more $250,000 or twice the gross gain or twice the gross loss from the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of not more than three years to follow any term of

Defendant's Initials _____        AF Approval _____

imprisonment, and a special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a maximum sentence of not more than two years of additional imprisonment as well as the possibility of an additional term of supervised release. The defendant is also subject to an order of restitution, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Thirteen are:

(1)    The defendant was required to collect, account for, or pay over payroll taxes imposed by federal law;

(2)    The defendant failed to truthfully account for such tax or failed to pay over such tax; and

(3)    The defendant acted willfully.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One through Twelve and Counts Fourteen through Seventeen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct related to the charges set forth in these counts may be considered relevant conduct by the Court in determining the defendant's sentence.

Defendant's Initials _BB_                    2

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

6.    Acceptance of Responsibility

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely

Defendant's Initials _BB_                    3

with the United States Attorney for the Middle District of Florida, and the defendant

agrees that the defendant cannot and will not challenge that determination, whether

by appeal, collateral attack, or otherwise.

7.     Restitution

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the defendant

agrees to make restitution to the Internal Revenue Service ("IRS") for payroll taxes

and other federal taxes due on behalf of various entities.  The parties agree that the

restitution amount shall be $3,832,360.48, calculated as follows:

| SOURCE | AMOUNT | DESCRIPTION |
|---|---|---|
| CHARGED COUNT 13 | $ 146,819.00 | Taxes withheld and not paid over by L360 Jacksonville in the fourth quarter of 2015 |
| DISMISSED COUNT 17 | 30,122.00 | Taxes withheld and not paid over by L360 Pittsburgh in the first quarter of 2016 |
| DISMISSED COUNTS 14-16 | 205,498.00 | Taxes withheld and not paid over by L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the fourth quarter of 2015 |
| DISMISSED COUNTS 9-12 | 176,996.00 | Taxes withheld and not paid over by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the third quarter of 2015 |

4

Defendant's Initials _BB_

| SOURCE | AMOUNT | DESCRIPTION |
|---|---|---|
| DISMISSED COUNTS 1-8 | 615,742.00 | Taxes withheld and not paid over by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the first and second quarters of 2015 |
| UNCHARGED CONDUCT | 333,374.00 | Taxes withheld and not paid over by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the fourth quarter of 2014 |
| UNCHARGED CONDUCT | 13,787.00 | Employers' portions of FICA not paid by L360 Pittsburgh in the first quarter of 2016 |
| UNCHARGED CONDUCT | 318,786.00 | Employers' portions of FICA not paid by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the third and fourth quarters of 2015 |
| UNCHARGED CONDUCT | 278,911.00 | Employers' portions of FICA not paid by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the first and second quarters of 2015 |

5

Defendant's Initials _BB_

| SOURCE | AMOUNT | DESCRIPTION |
|---|---|---|
| UNCHARGED CONDUCT | 175,950.00 | Employers' portions of FICA not paid by L360 Jacksonville, L360 Indianapolis, L360 Pittsburgh, and L360 Albany in the fourth quarter of 2014 |
| UNCHARGED CONDUCT | 22,626.00 | Tax due and unpaid by Latitude 30 Group, Latitude Global, Latitude 40 Group, Latitude 39 Group, Latitude 42 Group in 2014 |
| UNCHARGED CONDUCT | 1,513,749.48 | Tax due and unpaid by Latitude 30 Group, Latitude Global, Latitude 40 Group, Latitude 39 Group, Latitude 42 Group in 2013 |
| **TOTAL** | **$   3,832,360.48** | |

Although the defendant agrees to this amount of restitution, he does not agree that this amount should be used as the tax loss figure for purposes of calculating the Sentencing Guidelines and expects to argue for a lesser tax loss at his sentencing hearing.

The defendant acknowledges that any restitution ordered by the Court in this criminal case is not binding on the IRS for purposes of determining any civil tax liability, including additional tax, additions to tax, interest, and penalties, which liability may be greater than the amount of restitution ordered by the Court. The

Defendant's Initials 

6

defendant further acknowledges and agrees that this agreement and any judgment, order, release, or satisfaction issued in connection with this agreement will not satisfy, settle, or compromise the defendant's obligation to pay any civil tax liability owed to the IRS for any year for which such civil tax liability may be lawfully imposed.

## B.   Standard Terms and Conditions

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The

Defendant's Initials 

7

special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

8

Defendant's Initials 

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that the financial statement and disclosures will be complete, accurate and truthful and will include all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9

Defendant's Initials _BB_

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States

Defendant's Initials _BB_

10

Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials 

11

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

Defendant's Initials 

12

offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13

Defendant's Initials 

13.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this _____ day of _____, 2023.


ROGER B. HANDBERG
United States Attorney


_____                    _____
BRENT BROWN                                   ARNOLD B. CORSMEIER
Defendant                                     Assistant United States Attorney


_____                    _____
HENRY M. COXE, III                            MICHAEL J. COOLICAN
Attorney for Defendant                        Assistant United States Attorney
                                              Deputy Chief, Jacksonville Division

ALLAN F. BROOKE II
ATTORNEY FOR DEFENDANT


14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:22-cr-1-BJD-JBT

BRENT BROWN

PERSONALIZATION OF ELEMENTS

1.     Do you admit that you were required to collect, account for, and pay

over to the Internal Revenue Service, on a quarterly basis, payroll taxes imposed by

federal law on wages paid to the employees of Latitude 360 Jacksonville?

2.     Do you admit that you failed to pay over such taxes to the IRS for the

fourth quarter of the year 2015, such taxes totaling approximately $146,819?

3.     Do you admit that you acted willfully, that is, that you knew you had a

legal duty to pay over such taxes to the IRS but knowingly failed to do so?

Defendant's Initials _BB_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 3:22-cr-1-BJD-JBT

BRENT BROWN

## FACTUAL BASIS

The defendant, BRENT BROWN, was the Chief Executive Officer of
Latitude 360, Inc., and the manager of its subsidiaries, including Latitude 360
Jacksonville LLC (hereinafter "the Company"), which was a Delaware company
doing business in Jacksonville, in the Middle District of Florida.  The defendant
registered the corporation with the State of Florida on March 6, 2014.  The
defendant exercised oversight over every aspect of the Company's business affairs,
including payments of wages to the Company's employees and disposition of funds
in the Company's bank accounts.

The Company withheld taxes from its employees' wages, including federal
income taxes and Federal Insurance Contributions Act, or "FICA", taxes
(hereinafter "payroll taxes").  The Company was required to make deposits of the
payroll taxes to the Internal Revenue Service ("IRS") on a periodic basis and was
required to file, following the end of each calendar quarter, an Employer's Quarterly
Federal Income Tax Return (Form 941) setting forth the total amount of wages and

Defendant's Initials _BB_

other compensation subject to withholding, the total amount of income tax withheld, and the total amount of FICA taxes due, including both the employees' share and the Company's share of the FICA taxes. The defendant was a "responsible person," that is, he had the corporate responsibility to collect, truthfully account for, and pay over the Company's payroll taxes.

On May 4, 2016, the company submitted to the IRS a Form 941 for the fourth quarter of the year 2015 ending on December 31, 2015. The Form 941, which the defendant had signed but not prepared, stated that the Company had 178 employees to whom it had paid a total of $851,371.20 in wages, tips, and other compensation. The Form 941 further stated that the Company had withheld federal income taxes in the total amount of $81,688.87 from the employees' wages and that the total FICA taxes due—including both the employees' share and the Company's share—was $130,259.79. Accordingly, the Form 941 reflected that a total of $211,948.89 in payroll taxes was due to be paid over to the IRS by the Company, of which $146,818.77 had been withheld from the wages of the Company's employees. The defendant knew that he had a legal duty to pay over the payroll taxes to the IRS, but he knowingly and intentionally failed to pay over such taxes.

Defendant's Initials _BB_                     2